[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION SCOPE OF THE ORDER OF REPLEVIN AND RE STAY OF EXECUTION PENDING APPEAL CT Page 6140
Following this court's memorandum of decision on plaintiff's application for prejudgment order of replevin, dated April 27, 1993, defendant moved for clarification of the scope of the order of replevin and for a stay of execution pending appeal.
1. Scope of the order of replevin.
In its memorandum the court granted a prejudgment order of replevin "to the value of $200,000 [as corrected] on all business assets of defendant located at 40 West Street, Bristol, including all cash accounts and notes receivables, all furniture, fixtures and equipment and all new motor vehicles." Defendant contends this order is overbroad and contrary to the Security Agreement entered into by the parties to secure the note of February 23, 1990. That Agreement limits the security to all used models of passenger and commercial motor vehicles, trailers and semi-trailers, equipment and accessories thereto and all proceeds thereof.
The facts found by this court at the hearing on defendant's motion are as follows: Plaintiff and defendant started doing banking business together in 1976. In 1983 plaintiff granted to defendant a $200,000 revolving line of credit secured by an interest in plaintiff's used cars. The loan was renewed each year until 1987, each time secured by plaintiff's used cars. The documents memorializing each renewal consisted of (1) a letter of credit, (2) a promissory note, (3) a Security Agreement, and (4) a UCC-1 statement. All of these documents were signed by Chapin Miller on behalf of the defendant corporation. The closings through 1987 were informal and without lawyers present.
In 1989 plaintiff became concerned about defendant's financial information and demanded audited statements. In 1990 when the $200,000 line of credit was to be renewed, plaintiff changed the security requirement stated in three of the four documents referred to above. The letter of credit, dated February 5, 1990, stated that the loan would be secured by plaintiff's used vehicles and "also will be secured by all CT Page 6141 business assets of Chic Miller's Chevrolet Isuzu, Inc." The promissory note, dated February 23, 1990, granted to plaintiff a security interest in "All business assets of Chic Miller's Chevrolet Isuzu, Inc. and Used Car Inventory," and as more fully described in "UCC-1 and Security Agreement." The Security Agreement dated February 23, 1990 related to used vehicles only, as stated above. The UCC-1 statement covered "all business assets of Chic Miller's Chevrolet Isuzu, Inc."
An officer of the plaintiff testified the failure of the Security Agreement to recite the same security interest as stated in the letter of credit, promissory note and UCC-1 was a mistake.
Mr. Miller testified he never read the loan documents and was not aware the 1990 versions differed from those of 1987 and prior years.
The court concludes on all the evidence the intent of the parties was to secure the 1990 note by both defendant's used cars and its business assets. Accordingly its decision of April 27, 1993 properly states the scope of the prejudgment order of replevin.
2. State of Execution and Bond.
The defendant's motion to stay execution of the prejudgment order of replevin pending disposition of its appeal is granted, pursuant to Conn. Gen. Stats. 52-278l(c).
As to the amount of the bond, required by that statute, the evidence at the hearing was that the value of defendant's assets, except for parts, was appraised at $61,485.
The parts were purchased at $160,000 but GM would pay that price only for parts which were sealed in boxes and still listed in the GM parts book. The parts were subject to a GM prior lien of $75,000. The evidence as to what portion of parts on hand were in sealed boxes and on GM's current list was so inconclusive, the court can ascribe no value to them above GM's lien.
Accordingly, the court sets the amount of the bond CT Page 6142 defendant must file as a condition of a stay of execution of the prejudgment order of replevin at $62,000.
Robert Satter State Trial Referee